**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MELISSA DAVIS**                                                                                    **PLAINTIFF**

**VERSUS**                                                          **CAUSE NO. 3:21-cv-25-CWR-LGI**

**STRATEGIC DIVERSIFIED REAL ESTATE**
**HOLDINGS, LLC d/b/a CAMELOT APARTMENTS;**
**CAMELOT APARTMENTS 287, LLC d/b/a**
**CAMELOT APARTMENTS; AND JOHN DOES**
**1-3 AND JOHN DOE ENTITIES 1-3**                                                  **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW**, Defendants, Strategic Diversified Real Estate Holdings, LLC d/b/a Camelot Apartments and Camelot Apartments 287, LLC d/b/a Camelot Apartment ("Defendants"), by and through undersigned counsel of Galloway, Johnson, Tompkins, Burr & Smith, and file their Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

1.

Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint upon information and belief.

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint as a result of those allegations pertaining to "John Doe" defendants, the identities of whom are even unknown to the Plaintiff. To the extent however that

Plaintiff may attempt to utilize the absence of a denial to those allegations as an admission, and out of an abundance of caution, said allegations are denied.

5.

Defendants deny the allegations in Paragraph 5 of Plaintiff's Complaint, except to admit that Defendants operated the Camelot Apartments located at 2840 Robinson Road in Jackson, Mississippi. The remaining allegations in Paragraph 5 are denied and denied to the extent they call for a legal conclusion.

6.

Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint solely to the extent that the incident giving rise to the cause of action is alleged to have occurred in Hinds County, Mississippi. To the extent further allegations remain, said allegations are denied.

7.

Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint, except to admit that Plaintiff was a tenant of Camelot Apartments. The remaining allegations in Paragraph 7 are denied and denied to the extent they call for a legal conclusion.

8.

Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

To the extent the allegations in Paragraph 9 of Plaintiff's Complaint call for a legal conclusion, they are denied. The remaining allegations are denied.

10.

Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11.

To the extent the allegations in Paragraph 11 of Plaintiff's Complaint call for a legal conclusion, they are denied. The remaining allegations are denied.

12.

To the extent the allegations in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion, they are denied. The remaining allegations are denied.

13.

To the extent the allegations in Paragraph 13 of Plaintiff's Complaint call for a legal conclusion, they are denied. The remaining allegations are denied.

14.

To the extent the allegations in Paragraph 14 of Plaintiff's Complaint call for a legal conclusion, they are denied. The remaining allegations are denied.

15.

To the extent the allegations in Paragraph 15 of Plaintiff's Complaint call for a legal conclusion, they are denied. The remaining allegations are denied.

In response to the last unnumbered paragraph of Plaintiff's Complaint beginning "WHEREFORE, . . ." Defendants deny the allegations contained therein, specifically that the Plaintiff is entitled to any relief whatsoever from these Defendants and respectfully requests that this Honorable Court dismiss Plaintiff's claims against them, assessing all applicable costs to the Plaintiff.

AND NOW, Defendants assert the following affirmative defenses:

**<u>FIRST DEFENSE</u>**

Defendants affirmatively plead all applicable statutes of limitations bar Plaintiff's claims.

**SECOND DEFENSE**

Plaintiff's negligence was the sole proximate cause of any alleged accident, and Plaintiff is barred from recovering from Defendants.

**THIRD DEFENSE**

Defendants affirmatively state Plaintiff has failed to state a claim against it upon which relief may be granted, and therefore, the Complaint should be dismissed against Defendants pursuant to Rule 12(b)(6); additionally, Defendants reserve their right to plead any affirmative defense hereinafter discovered under Rule 8 and/or Rule 12 of the Mississippi Rules of Civil Procedure.

**FOURTH DEFENSE**

Defendants affirmatively state that none of their employees caused, or knew, or had reason to know of any alleged dangerous condition of the premises.

**FIFTH DEFENSE**

Defendants affirmatively state that, at all times, they kept the subject premises reasonably safe and that any alleged damages claimed by Plaintiff were not caused by any defect of the premises or by negligence on the part of the Defendants.

**SIXTH DEFENSE**

Defendants affirmatively state the steps upon which Plaintiff alleges she fell were not a dangerous condition as a matter of law.

**SEVENTH DEFENSE**

Defendants affirmatively state Plaintiff was not injured by any hidden danger on the premises, and any time there has been a hidden danger on the premises of which Defendants were aware, Defendants provided a reasonable warning.

**EIGHTH DEFENSE**

Defendants affirmatively state that that none of their actions or inactions were the proximate cause of any of the Plaintiff's damages, if any damages exist.

**NINTH DEFENSE**

Defendants affirmatively state Plaintiff's damages were caused by independent persons or entities or animals over which Defendants had no supervision or control. As to such parties, Defendants pleads the comparative negligence and apportionment damages as required under Miss. Code Ann. § 85-5-7 (Joint tort-feasors; nature of liability).

**TENTH DEFENSE**

Defendants affirmatively state that Plaintiff's damages, if any, were caused by open and obvious risks, which Plaintiff voluntarily assumed.

**ELEVENTH DEFENSE**

Defendants affirmatively state Plaintiff failed to exercise reasonable care for her own safety, and such failure on the part of Plaintiff was the sole proximate cause of her damages, if any damages exist.

**TWELFTH DEFENSE**

Defendants affirmatively state Plaintiff's damages, if any, were caused by the actions, omissions, contributory negligence, comparative fault, and/or assumption of risk of the Plaintiff and as such, Plaintiff's damages, if any, should be barred or reduced in relation thereto. Defendants affirmatively plead the provisions of Miss. Code Ann. § 11-7-15 (Comparative negligence).

**THIRTEENTH DEFENSE**

Defendants affirmatively state that Plaintiff failed to mitigate her damages, if any damages exist, as she has a continuing duty to do so.

**FOURTEENTH DEFENSE**

Defendants affirmatively states they had no knowledge and/or notice of any condition of the premises which posed any risk of harm to persons exercising ordinary care for their own safety under the circumstances and, further, that Defendants took reasonable measures to discover any such conditions and took all possible reasonable measures to ensure the safety of the premises.

**FIFTEENTH DEFENSE**

Defendants affirmatively state that Plaintiff's alleged injuries, if any exist, are not medically-related to the alleged incident or Defendants' alleged actions, inactions, or otherwise, but rather are related to pre-existing, unrelated, and/or subsequent conditions or injuries, and Defendants are not liable for and does not maintain any responsibility.

**SIXTEENTH DEFENSE**

Defendants affirmatively state they are not liable, legally or contractually, for Plaintiff's damages, if any damages exist.

**SEVENTEENTH DEFENSE**

Defendants affirmatively deny their actions were negligent or grossly negligent, and to the extent Defendants owed Plaintiff any duties, Defendants specifically aver that any such duties were not breached.

**EIGHTEENTH DEFENSE**

Defendants affirmatively state Plaintiff's claims for damages may be barred in whole or in part by accord and satisfaction, assumption of risk, contributory negligence, estoppel, failure of consideration, fraud, release, waiver, and any other matter constituting an avoidance or affirmative defense under M.R.C.P. 8 or any provision of Mississippi law.

## NINETEENTH DEFENSE

Defendants affirmatively assert all rights of credit, set-off and/or contribution which may be available under Mississippi law.

## TWENTIETH DEFENSE

Defendants provided adequate warning for any dangerous condition alleged by Plaintiff.

## TWENTY- FIRST DEFENSE

Defendants affirmatively plead all available defenses under 12(b) and 8(c) of the Mississippi Rules of Civil procedure for which a good faith basis exists in fact and/or law.

## TWENTY-SECOND DEFENSE

Plaintiff's action may be barred in whole or in part by additional defenses which are unknown to Defendants at this time; as such, Defendants affirmatively reserve their right to raise additional defenses as they become applicable after further amplification of Plaintiff's claims and discovery of information not known by the Defendants at this time.

## TWENTY- THIRD DEFENSE

By answering the allegations of the Complaint, this Answer does not admit any wrongdoing with regard to this matter, and to the contrary, Defendants specifically deny any and all wrongdoing. This Answer specifically denies each material allegation of the Complaint which is not heretofore admitted, regardless of paragraph number or lack thereof.

**WHEREFORE**, Defendants, Strategic Diversified Real Estate Holdings, LLC d/b/a Camelot Apartments and Camelot Apartments 287, LLC d/b/a Camelot Apartment, pray their Answer and Defenses to the Complaint be deemed good and sufficient and that the Complaint be dismissed, or in the alternative, after a jury trial had, the Complaint and all allegations filed on behalf of Plaintiff be dismissed, with prejudice. Defendants further request all further general and equitable relief to which it is entitled and which this Honorable Court is competent to grant.

Respectfully submitted on this, the 18th day of January, 2021.

          **Strategic Diversified Real Estate Holdings, LLC d/b/a Camelot Apartments and Camelot Apartments 287, LLC d/b/a Camelot Apartments**

By: */s/ Matthew M. Williams*
    MATTHEW M. WILLIAMS (#102541)
    JENNIFER M. YOUNG  (#103758)
    **GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC**
    2510 14th Street, Suite 910
    Gulfport, MS 39501
    Telephone: (228) 214-4250
    Facsimile:  (228) 214-9650
    Email: mwilliams@gallowaylawfirm.com
           jyoung@gallowaylawfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, as counsel of record for Defendants, do hereby certify that I have this date served the above and foregoing upon all counsel of record and interested persons using the Court's ECF filing system.

    Don H. Evans, Esq.
    Don Evans, PLLC
    500 East Capitol Street, Suite 2
    Jackson, Mississippi 39201
    *Counsel for the Plaintiff*

This the 18th day of January, 2021.

          */s/ Matthew M. Williams*
          MATTHEW M. WILLIAMS